THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FELÍ-CITA GARCÍA VELOSA, Defendant and Appellant.

No. 10604.   Argued December 5, 1944.—Decided December 13, 1944.

*E. Rivera Zayas* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Felícita García Velosa was convicted of a violation of § 266 of the Penal Code on an information which alleged that

she administered and employed "certain mechanical agents, means, and processes to and upon the person of Sofía Olivero Ruiz" who was pregnant, with the intent or purpose to procure, as she did, the miscarriage of said person, without the same being necessary to preserve her life and without such procurement being performed on the advice of a physician.

■■ The first error assigned by the appellant is that the information does not state facts sufficient to charge a public offense.

Section 266 of the Penal Code provides that "Every person who provides, supplies, or administers to any pregnant woman, or procures any such woman to take any medicine, drug or substance, or uses or employs any instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life, is punishable by imprisonment in the penitentiary not less than two nor more than five years."

From an examination of the information in the light of the above-quoted code provisions, we find that the same contains sufficient allegations to acquaint the defendant with the nature of the offense charged against her. Although the information could have been more specific, it practically followed the language of the statute, and, in our judgment, is sufficient. If in order to make her defense the defendant needed to be informed with greater particularity as to the mechanical means or instruments which she was charged with having used to procure the abortion, she could well have applied for a bill of particulars. She failed to do so and, upon being arraigned, she pleaded not guilty and asked for a jury trial. *People* v. *Candelaria,* 60 P.R.R. 610.

■■ By the second assignment it is urged that the verdict is against the weight of the evidence; and by the third, that the lower court erred in failing to instruct the jury on the necessity of corroboration of the statements made by the deceased woman.

The appellant admits in her brief that the evidence is conflicting. Hence, it is only left for us to decide whether the evidence for the prosecution, to which the jury accorded credit, is sufficient to support the verdict. We have carefully examined it and we think that it is sufficient to support the verdict and to justify the judgment entered thereon.

It was established by the evidence that the deceased woman was in good health, both before and during pregnancy, and this is sufficient to show *prima facie* that the procurement of the abortion was not necessary to save her life. Underhill, Criminal Evidence, 4th ed., § 589, p. 1159, and note 84 p. 1160. That fact having been shown *prima facie*, it was incumbent on the defendant to prove, as a matter of defense, the necessity of the abortion to save the mother's life.

The essential particulars of the statement of Sofía Olivero Ruiz were corroborated by the testimony of the physician who examined the foetus and the genital organs of the deceased, it being satisfactorily shown that the criminal act had been performed and that, in consequence thereof, a foetus had been brought forth prematurely and lifeless, six or six and a half months after conception. The fact of the intervention of the defendant in the procurement of the abortion is corroborated by the testimony of the witnesses Juanita Crispín and Detective Díaz.

It is true that the court failed to give the jury any specific instruction on the requirement that in cases of this kind the declarations of the injured woman must be corroborated by other evidence, as provided by § 250 of the Code of Criminal Procedure; but it is no less true that the defendant, who was represented by competent counsel, did not make any request for instruction on this point, nor enter any exception against the omission made by the lower court. If to this we add the fact that the statements made by the deceased were fully corroborated, we are bound to conclude

that the error assigned caused no prejudice to the defendant, and that a reversal of the judgment would not be justified.

The judgment appealed from will be affirmed.